IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOHN B. FLETCHER,

                Plaintiff,

v.

ROBERT WILKIE,

                Defendant.

OPINION and ORDER

18-cv-456-jdp

---

Pro se plaintiff John B. Fletcher, a former radiologic technician at the William S. Middleton Memorial Veterans Hospital, is suing Robert Wilkie, the Secretary of the Department of Veterans Affairs, alleging that his former colleagues at the VA discriminated against him on the basis of sex and race. There are two motions currently before me: (1) defendant's motion to stay the case pending my decision on his recently filed motion to dismiss, which will come under advisement on February 24, 2020, Dkt. 37; and (2) defendant's motion to compel discovery, Dkt. 26. As explained below, both motions are granted in part.

**A. Motion to stay**

On January 22, 2020, defendant filed a motion to dismiss this case based on alleged misrepresentations in Fletcher's in forma pauperis application. *See* Dkt. 32. That same day, defendant filed a motion to stay the case pending a decision on the motion to dismiss. Dkt. 37. I will grant that motion in part. Rather than ordering an indefinite stay, I will extend the dispositive motions deadline by eight weeks—to May 8, 2020. To ensure that defendant has sufficient time to prepare for summary judgment in the event that I deny his motion to dismiss, I will hold a hearing on the motion to dismiss shortly after it comes under advisement on the date identified in the order block below. At that hearing, I will resolve any factual disputes

arising out of the motion to dismiss, rule on the motion to dismiss, and, if necessary, resolve the outstanding discovery issues raised by defendant's motion to compel. The September 28, 2020 trial date will remain on the calendar.

**B. Motion to compel**

In his motion to stay, defendant asks me not to delay a ruling on his motion to compel discovery. He explains that his discovery requests "seek information regarding Fletcher's income and assets, which bears directly on defendant's motion to dismiss." Dkt. 37, at 3. But there are only a few discovery requests that seek information with any potential relevance to the alleged misrepresentations in Fletcher's in forma pauperis application: Request for Production No. 2; Request for Production No. 8; and Interrogatory No. 14. I will decide defendant's motion to compel only as to these three discovery requests. I will defer any ruling on the other relief sought in the motion to compel—including the request for cost shifting under Fed. R. Civ. P. 37(a)(5)(A) and (b)(2)(C)—until after I decide the motion to dismiss.

Throughout the case, Fletcher has had difficulty complying with discovery obligations. On November 21, 2019, I held a telephone conference with the parties at which I explained the discovery process to Fletcher and gave him an extension of time to respond to defendant's discovery requests. Dkt. 23. In his motion to compel, defendant indicates that Fletcher still hasn't responded to any of the requests for production and has provided only partial, unverified answers to the interrogatories. In his response to the motion, Dkt. 30, Fletcher doesn't dispute defendant's characterization of the deficiencies in his discovery responses. He simply says that he has responded to the interrogatories to the best of his ability and that he has had difficulty with discovery tasks because he doesn't have a permanent job and because of the holiday season.

These are not adequate justifications for failing to participate in the discovery process. Fletcher faces challenges as a pro se litigant, but discovery obligations are not optional. When a litigant violates discovery rules, courts have discretion to impose sanctions up to and including dismissal of the action. *See, e.g., Maynard v. Nygren*, 372 F.3d 890, 893 (7th Cir. 2004); *Jennings v. Principi*, 114 F. App'x 224, 226 (7th Cir. 2004). Defendant's discovery requests are reasonable, and I see no reason why Fletcher wouldn't be capable of responding to them.

I will grant defendant's motion to compel as to Request for Production No. 8. I will also grant the motion as to Request for Production No. 2 and Interrogatory No. 14, but I will modify those requests so that Fletcher need only produce five years' worth of job information, because that is the period most relevant to Fletcher's representations in his in forma pauperis application. (If Fletcher's case survives defendant's motion to dismiss, defendant may renew his motion to compel as to Fletcher's employment history prior to 2015.) Fletcher must produce responses to these three requests by the date specified in the order below. To aid Fletcher in doing so, I will summarize each discovery request and what information or materials Fletcher must provide.

> **Request for Production No. 8**: All Documents and Communications that reflect any monies, benefits, or items of value paid to you, or any of your income from any source, since August 9, 2016, including but not limited to your federal and state tax returns for years 2016 through 2018.

This request is manageable. Fletcher must produce copies of his federal and state tax returns for 2016, 2017 and 2018. If he did not file tax returns for one or more of those years, he must say so in a written statement, which he must sign. Fletcher must also produce any documents and communications associated with any income he has received since August 9,

3

2016. This might include pay stubs, W-2s, records associated with an inheritance, documentation of electronic money transfers, and so on. If he does not have any responsive documents or communications, he must state so in a written statement signed by him. If he discovers any additional documents or communications after the production deadline specified below, he must promptly produce them to defendant's attorney.

> **Interrogatory No. 14**: Please identify any and all positions of employment that you have had in the past 15 years, excluding your position as an MRI tech at the Madison VA Hospital. For each position, please state: (1) the name(s), address(es) and telephone number(s) of each place of employment; (b) the title(s) of each position; (c) the salary(ies) or hourly wage(s) of each position; (d) the date(s) of each employment period; (e) the reason(s) for leaving each place of employment; and (f) if terminated from employment, the reason(s) given for each such outcome(s) and the name(s) of the individual(s) who provided you with the reason(s).

In his initial response to this interrogatory, Fletcher wrote: "Additional time is needed to provide the requested information." Dkt. 28-3. In a supplemental response, Fletcher provided the name, address, dates of employment, job title, and hourly wage for four hospitals that he worked for between May 2017 and the present. *See* Dkt. 28-6, at 3–4. He did not provide the requested fifteen years' worth of employment information, nor did he provide employer telephone numbers, his reasons for leaving each position, the reasons given for any termination, or the name of the individual or individuals who gave those reasons.

I will order Fletcher to supplement his response to this interrogatory. For purposes of the motion to dismiss, there is no reason for Fletcher to provide 15 years' worth of employment history, so I will limit the request to the last five years. For any employer that Fletcher worked for on or after January 1, 2015, Fletcher must provide the employer's name, address, telephone number; his position title, salary or hourly wage; his dates of employment and reasons for

4

leaving; and, if he was terminated from any of those positions, the reasons given for termination and the name of the individual who provided those reasons. In supplementing his interrogatory response, Fletcher must verify that his response is true and correct under penalty of perjury. To do so, he should include on his written response or on a separate page appended to his response the following sentence, along with his signature and the relevant date:

> I declare under penalty of perjury that the foregoing is true and correct.
>
> Executed on [Date]
>
> [Signature]

If Fletcher does not do so, his response will not qualify as a valid interrogatory under Federal Rule of Civil Procedure 33(b)(3).

> **Request for Production No. 2**: Please provide an executed original copy of the attached Employee Records Authorization for each employer, other than the Department of Veterans Affairs, with whom you have been employed within the last ten years.

This request is straightforward, especially now that the court has limited the relevant period from ten years to five years. Fletcher should produce to defendant's attorney signed and dated copies of the employee records authorization form sent to him by defendant's attorney on November 22, 2019. He should provide one such copy for each employer that he has worked for from January 1, 2015 to the present, other than the Departments of Veterans Affairs. If he needs another copy of that form, he should promptly request it from defendant's attorney. There should be no reason that Fletcher cannot comply with this request immediately.

ORDER

IT IS ORDERED that:

1. Defendant Robert Wilkie's motion to stay, Dkt. 37, is GRANTED in part. The dispositive motions deadline is extended to May 8, 2020.

2. Defendant's motion to compel, Dkt. 26, is GRANTED in part and DEFERRED in part.

    a. Plaintiff John Fletcher must produce documents in response to Requests for Production Nos. 2 and 8, and supplement his response to Interrogatory No. 14, by February 13, 2020, in accordance with the instructions provided above.

    b. The court will defer its ruling on the remainder of defendant's motion to compel until after it resolves defendant's motion to dismiss.

3. The court will hold a hearing on defendant's motion to dismiss and the remaining aspects of defendant's motion to compel on March 6 at 2:00 p.m. in courtroom 260.

Entered January 28, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge